FILED
2026 May-21 AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ALDERI FERREIRA PRESTES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **7:26-cv-824-EGL-NAD** |
| | ) | |
| **MELISSA HARPER et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

On May 15, 2026, Petitioner Alderi Ferreira Prestes filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 and requested injunctive relief. Docs. 1, 2. For the reasons below, the Court **GRANTS** the petition (Doc. 1) to the extent set forth in this order, and **DENIES AS MOOT** the request for injunctive relief (Doc. 2). The Court **DISMISSES** Respondents Melissa Harper, Jonathon Horton, Todd Lyons, Markwayne Mullin, and Todd Blanche because they do not have immediate custody of Prestes, and **SUBSTITUTES** the Warden of Pine Prairie ICE Processing Center as the proper respondent.

1. The habeas statute permits district courts to grant relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Jurisdiction depends on the petitioner's location at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 443 (2004). A subsequent transfer after the petition is filed does not divest a

court of jurisdiction. *See id.* at 440-41 (discussing *Ex parte Endo*, 323 U.S. 283, 304-06 (1944)). Petitioner was in custody at the Pickens County Detention Center in Carrollton, Alabama, when he filed his petition. Doc. 1 at ¶2. Because that facility lies within this district, the Court has jurisdiction over the petition.

The proper respondent in a habeas action is "the person who has custody over" the petitioner. 28 U.S.C. § 2242. The Supreme Court interprets that to mean the petitioner's "immediate custodian," the official with day-to-day physical control who can produce the petitioner if ordered. *Rumsfeld*, 542 U.S. at 434-35, 441-42.

Respondents have demonstrated that the warden of the Pine Prairie ICE Processing Center currently has custody of Palma. *See* Doc. 6-3 at 1. Markwayne Mullin, the Attorney General, and other "remote supervisory official[s]," are not proper respondents because they lack immediate custody. *Rumsfeld*, 542 U.S. at 435-36. Accordingly, the Court **DISMISSES** as Respondents Melissa Harper, Jonathon Horton, Todd Lyons, Markwayne Mullin, and Todd Blanche, and **SUBSTITUTES** the Warden of Pine Prairie ICE Processing Center as the proper respondent.

2. Petitioner is a citizen of Brazil who entered the United States unlawfully in August 2024. *See* Doc 6-1 at 1; Doc. 6-2 at 3-4. Petitioner was apprehended, served with a Notice to Appear charging him as being an "alien present in the United States" who has not been "admitted or paroled," and released from custody on an order of recognizance. *See* Doc. 6-1 at 1; Doc. 6-2 at 4. Petitioner was

apprehended on May 11, 2026, and transferred to the Pickens County Detention Center. Doc. 1 at ¶¶10-12. He was later transferred to Pine Prairie ICE Processing Center in Louisiana, where he is currently detained. Doc. 6-3 at 1.

On May 15, 2026, Petitioner filed a petition for writ of habeas corpus, challenging his detention on multiple grounds. *See* Doc. 1. He argues that Respondents have unlawfully subjected him to mandatory detention under 8 U.S.C. § 1225(b), which he claims does not apply to him. *Id.* at ¶¶56, 61. He claims that his detention is instead governed by 8 U.S.C. § 1226, and that he is therefore entitled to an individualized bond hearing.

Petitioner therefore seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge. *Id.* at ¶66. In response to the petition, Respondents acknowledge that, under the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), Petitioner is detained under 8 U.S.C. § 1226(a) and may seek a bond hearing in immigration court. Doc. 6 at 4. Respondents request at least seven days to arrange the hearing. *Id.* The Court similarly recognizes that, under existing precedent and in light of Respondents' concession, Petitioner may claim the right to an individualized bond hearing.

3. Petitioner also filed an emergency motion for a temporary restraining order and a preliminary injunction, asking the Court to prohibit Respondents from

transferring him out of the Northern District of Alabama. *See* Doc. 2. Petitioner has already been transferred and is detained at Pine Prairie ICE Processing Center in Louisiana. Doc. 6-3 at 1. His request is therefore moot.

## CONCLUSION

The Court **DISMISSES** Respondents Melissa Harper, Jonathon Horton, Todd Lyons, Markwayne Mullin, and Todd Blanche because they do not have immediate custody of Petitioner, **SUBSTITUTES** the Warden of Pine Prairie ICE Processing Center as the proper Respondent, and **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Within **seven days**, Respondent shall either provide Petitioner with an individualized bond hearing or release him under reasonable conditions of supervision. The request for injunctive relief (Doc. 2) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** this 21st day of May, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE